Filed 11/17/21  P. v. Foster CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SAMUEL JASON FOSTER, <br><br> Defendant and Appellant. | F080925 <br><br> (Merced Super. Ct. Nos. 19CR-02043, 19CR-02054) <br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Samuel Jason Foster pleaded no contest to robbery and admitted a deadly weapon enhancement and was sentenced to four years in prison. On appeal, he argues the court improperly imposed a restitution fine and other fees without finding he had the ability to pay those amounts in violation of his constitutional right to due process, based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). As an alternative argument, he asserts that his trial attorney was prejudicially ineffective for failing to raise the issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. 19CR-02043

On April 19, 2019, a complaint was filed in the Superior Court of Merced County case No. 19CR-02043, charging defendant with committing the following offenses on January 10, 2019: count 1, felony second degree robbery (Pen. Code, § 211);[1] and count 2, misdemeanor exhibiting a deadly weapon, a misdemeanor (§ 417, subd. (a)(1)). As to count 1, it was alleged defendant personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)) and had five prior prison term enhancements (§ 667.5, subd. (b)).

### Case No. 19CR-02054

On the same day, a complaint was filed in case No. 19CR-02054 that charged defendant with committing three felony offenses on March 7, 2019: count 1, possession of multiple persons identifying information, committed against 15 victims (§ 530.5, subd. (c)(3)); count 2, identity theft (§ 530.5, subd. (a)); and counts 3 and 4, possession of a completed check exceeding $950 in value, specifically two checks for $3,700 (§§ 475, subd. (c), 473, subd. (a)); and five prior prison term enhancements.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

**Competency proceedings**

On April 24, 2019, the court declared a doubt as to defendant's competency, suspended criminal proceedings, and appointed an expert to examine defendant for both cases.

On July 10, 2019, the court reviewed the expert's report, found defendant was not competent to stand trial, and referred the matter for a placement report.

On August 14, 2019, the court committed defendant to the custody of the Department of State Hospitals for restoration of competency treatment.

On October 2, 2019, the court issued an order to show cause to the Department of State Hospitals as to why defendant had not been transported.

On October 28, 2019, the Department of State Hospitals filed a notification that defendant had been admitted to the jail-based competency treatment program at the San Bernardino County West Valley Detention Center. On November 1, 2019, the court confirmed defendant had been transported.

On November 22, 2019, the court reviewed the report from the state hospital, found defendant had been restored to competency, and reinstated criminal proceedings.

**Pleas**

On December 18, 2019, defendant entered into negotiated dispositions for both cases. In case No. 19CR-02043, he pleaded no contest to count 1, felony second degree robbery, and admitted the deadly weapon enhancement.

In case No. 19CR-02054, defendant pleaded no contest to count 1, possession of multiple persons' identifying information; and count 2, identity theft. The court dismissed the other charges and allegations in the two cases.

**Sentencing**

Also, on December 18, 2019, the court held the sentencing hearing for both cases.

In case No. 19CR-02043, the court imposed the midterm of three years in prison for robbery plus one year for the deadly weapon enhancement, for a total of four years.

The court imposed a restitution fine of $1,200 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of $1,200 (§ 1202.45); it also imposed the court operations assessment of $40 (§ 1465.8) and the criminal conviction assessment of $30 (Gov. Code, § 70373).

In case No. 19CR-02054, the court imposed two years each for counts 1 and 2, possession of multiple identifications and identify theft, with the terms to run concurrently to the sentence imposed for companion case. The court imposed a restitution fine of $600 and suspended the parole revocation fine of $600. It also imposed court operations assessments of $40 (§ 1465.8) and criminal conviction assessments of $30 (Gov. Code, § 70373). The court subsequently determined defendant's credits.[2]

**Appellate motions**

On February 10, 2020, defendant filed a notice of appeal in case No. 19CR-02043. On October 16, 2020, this court granted defendant's unopposed motion to construe the notice of appeal to be from judgments entered in both case Nos. 19CR-02043 and 19CR-02054.

On December 1, 2020, appellate counsel filed a motion with the trial court (§ 1237.2) to stay the restitution fines, fees, and assessments that were imposed, and conduct a hearing on defendant's ability to pay those amounts pursuant to *Dueñas*.

---

[2] The December 18, 2019, and January 17, 2020, minute orders, and first abstract of judgment, contained numerous errors as to defendant's aggregate sentence, the fees and assessments, and his actual and conduct credits. The court filed amended abstracts that continued to restate these errors.

On December 1, 2020, while this case was pending on appeal, appellate counsel filed a motion with the trial court to correct the record as to the calculation of credits (§ 1237.1), and the fines, fees, and assessments (§ 1237.2), and also to conduct an ability to pay hearing under *Dueñas*. On February 1, 2021, the court granted the motion to correct the record but denied defendant's request for an ability-to-pay hearing.

On February 11, 2021, the court filed a fifth amended abstract of judgment that correctly stated defendant's aggregate sentence, the restitution fines, fees, and assessments imposed for both cases, and defendant's total credits.

On February 1, 2021, the court denied the motion and held defendant had the burden to show he lacked the ability to pay, he did not object to the imposition of the restitution fines, fees, and assessments, and he forfeited his ability to pay claims.

## DISCUSSION

Defendant contends the court violated his constitutional rights because it imposed the restitution fines, fees, and assessments without determining his ability to pay under *Dueñas*. We first note that defendant failed to raise this objection even though *Dueñas* was decided nearly one year before the sentencing hearing in this case.

More importantly, defendant could have made ability-to-pay objections to the court's imposition of the restitution fines of $1,200 and $600 in the two cases at the sentencing hearing, aside from *Dueñas*, because each fine exceeded the statutory minimum, and then relied on the same motion to raise ability to pay objections to the other fees and assessments imposed in the two cases. (See, e.g., *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073–1074 (*Aviles*); *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

Defendant argues that to the extent defense counsel failed to preserve his ability to pay objections, counsel was prejudicially ineffective. "[T]o show ineffective assistance, defendant must show that 'counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.' [Citations.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*People v. Woodruff* (2018) 5 Cal.5th 697, 761–762.)

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[3]

_____

[3] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and

5.

As explained in *Aviles*, we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles, supra*, 39 Cal.App.5th at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Id.* at p. 1072.)

Even if counsel was ineffective for failing to object, any error under *Dueñas* is necessarily harmless and not prejudicial because defendant has the ability to pay the fines, fees, and assessments over the course of his prison sentence. (*Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.) " ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

Defendant argues there was no satisfactory explanation, or strategic or tactical advantage, to explain defense counsel's failure to object to the court's imposition of these amounts in the two cases, since defendant was indigent and was represented by appointed counsel, and the possibility of obtaining a low paying job in jail is speculative at best. The court's appointment of an attorney to represent an indigent defendant, and a finding that he lacks the ability to repay the costs of representation, does not mean that the defendant may lack the ability to pay fines and fees. (*Aviles, supra*, 39 Cal.App.5th at

---

assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

pp. 1074–1075; *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

To the extent counsel should have raised an objection, however, there is nothing in the record to show that defendant would be unable to satisfy the restitution fine and fees imposed by the court while serving his prison term, either from prison wage *or* monetary gifts from family and friends. (*People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) In *People v. Potts* (2019) 6 Cal.5th 1012, the trial court ordered a defendant convicted of capital murder to pay the statutory maximum restitution fine of $10,000, partially based on the probation officer's erroneous statement that a condemned inmate would be assigned a job in prison. *Potts* clarified that a defendant sentenced to death would not be permitted to work but found the court's error was harmless beyond a reasonable doubt and the court's restitution order was otherwise lawful. (*Id*. at pp. 1055–1056.) The defendant's alleged inability to pay because he lacked a prison job would be "blunted by the fact that he would retain at least some of the money sent to him" by family and friends. (*Id*. at p. 1056.) *Potts* held the trial court was "permitted to conclude that the monetary burden the restitution fine imposed on defendant was outweighed by other considerations," such as the seriousness and gravity of the offense, and the circumstances of its commission. (*Id*. at p. 1057.) We thus conclude counsel's failure to object was not prejudicial.

## DISPOSITION

The judgment is affirmed.